Andres FRUCTUOSO SANTIAGO,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71178.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

Andres Fructuoso Santiago, Lawndale, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Patricia L. Buchanan, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Andre Fructuoso Santiago, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and cancellation of removal. We have jurisdiction over the petition for review of the denial of asylum and withholding of removal pursuant to 8 U.S.C. § 1252. We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review for substantial evidence, and will uphold the determination unless the evidence compels a contrary conclusion. *See Chanco v. INS,* 82 F.3d 298, 300 (9th Cir. 1996). We deny in part, and dismiss in part, the petition for review.

██ Substantial evidence supports the IJ's decision to deny Santiago asylum and withholding of removal because being membership in the military does not constitute the requisite actual or imputed political opinion or membership in a particular social group. *See id.; Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991).

██ We lack jurisdiction over the IJ's decision denying cancellation of removal because the IJ denied relief based solely on Santiago's failure to demonstrate "exceptional and extremely unusual" hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

The BIA's summary affirmance without opinion does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003). Santiago's equal protection challenges to the Nicaraguan Adjustment and Central American Relief Act and the Illegal Immigration Reform and Immigrant Responsibility Act lack merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002); *Ram v. INS,* 243 F.3d 510, 517–18 (9th Cir. 2001). We therefore dismiss Santiago's due process claims. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity.")

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Santiago's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

We reject Santiago's remaining contentions.

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**